IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ROWAN KNUTSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 3:22-cv-1599-DWD ) |
| E. WILLIAMS, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at FCI Greenville, filed a Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) under 28 U.S.C. § 2241. The Petition is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Without commenting on the merits, the Court **CONCLUDES** the second ground for relief stated in the Petition survives preliminary review under Rule 4.

## Background

On June 25, 2008, a superseding indictment was returned against Petitioner in the Southern District of Iowa. (Doc. 1, pg. 2); *USA v. Knutson et al.*, No. 07-cr-228, Sealed Doc. 95 (S.D. Iowa filed September 25, 2007) ("S.D. Iowa Case No. 07-cr-228"). Counts I and II charged Petitioner with bank robbery under 18 U.S.C. § 2113(a) and (d), while Counts II

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the United States District Courts may be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

and IV charged Petitioner with carrying a firearm during a violent crime under 18 U.S.C. § 924(c)(1)(A)(i) and (ii). (Doc. 1, pg. 2); (S.D. Iowa Case No. 07-cr-228, Doc. 96). On August 28, 2008, a jury found Petitioner guilty on Counts I and II, *i.e.*, on one charge of bank robbery and one charge of carrying a firearm during a violent crime. (Doc. 1, pg. 2); (S. D. Iowa Case No. 07-cr-228, Doc. 235, pgs. 1-2). Petitioner's Presentence Investigation Report determined that he had three prior convictions for robbery in the State of Iowa, namely, a prior conviction for first-degree robbery and two prior convictions for second-degree robbery. (S.D. Iowa Case No. 07-cr-228, Doc. 265, pgs. 1-2). On March 16, 2009, the District Court sentenced Petitioner to two consecutive terms of life imprisonment. (Doc. 1, pg. 2); (S.D. Iowa Case No. 07-cr-228, Docs. 266, 268).

On March 24, 2009, Petitioner, through private legal counsel, filed a direct appeal in the United States Court of Appeals for the Eighth Circuit. (Doc. 1, pg. 2); (S.D. Iowa Case No. 07-cr-228, Docs. 271, 272). Petitioner alleged the District Court erred by admitting evidence of uncharged crimes "and jury instructions," failing to acquit on count II, and failing to "strike three strikes notice and superseding indictment." (Doc. 1, pg. 2); *U.S. v. Knutson*, 605 F.3d 492, 496 (8th Cir. 2010). The Eighth Circuit affirmed the District Court, in all respects, on May 10, 2014. (Doc. 1, pg. 2); *Knutson*, 605 F.3d at 496.

On January 3, 2011, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the Southern District of Iowa, alleging ineffective assistance of counsel. (Doc. 1, pg. 2); *Knutson v. USA*, No. 11-cv-2, Docs. 1-2 (S.D. Iowa filed January 3, 2011) ("S.D. Iowa Case No. 11-cv-2"). The District Court appointed legal counsel, who later elaborated on Petitioner's ineffective assistance of counsel claim. (S.D.

2

Iowa Case No. 11-cv-2, Docs. 2, pg. 1; 12, pgs. 1-2). On February 25, 2014, the District Court denied the Motion, dismissed the case, and denied a Certificate of Appealability. (Doc. 1, pg. 2); (S.D. Iowa Case No. 11-cv-2, Doc. 30, pg. 4). On July 29, 2014, the Eighth Circuit denied a Certificate of Appealability. (Doc. 1, pg. 2); (S.D. Iowa Case No. 11-cv-2, Doc. 37, pg. 1); *Knutson v. USA*, No. 14-1723, Entry 4180438 (8th Cir. filed March 27, 2014).

On May 26, 2016, Petitioner, through a federal public defender, filed a Petition for Permission to Bring a Successive § 2255 Motion in the Eighth Circuit.[2] (Doc. 1, pg. 4); *Knutson v. USA*, No. 16-2400, Entry 4403562 (8th Cir. filed May 26, 2016) ("8th Cir. Case No. 16-2400"). Petitioner noted, due to his three prior robbery convictions in the State of Iowa, which were arguably "serious violent felon[ies]" in the form of "State offense[s]…consisting of robbery…or attempt, conspiracy, or solicitation to commit [robbery]" under 18 U.S.C. § 3559(c)(2)(F)(ii), he was sentenced to two consecutive terms of life imprisonment under the "three strike" provisions of that statute. (S.D. Iowa Case No. 07-cr-228, Doc. 265, pgs. 1-2); (8th Cir. Case No. 16-2400, Entry 4403562, pg. 1). However, in *Johnson v. U.S.*, 576 U.S. 591 (2015), the Supreme Court "struck down" the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague." (Doc. 1, pg. 4); (8th Cir. Case No. 16-2400, Entry 4403562, pg.

---

[2]Section 2255(h) provides: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also Suggs v. U.S.*, 705 F.3d 279, 282 (7th Cir. 2013) (stating, "[w]ithout authorization from the court of appeals, the district court has no jurisdiction to hear" a second or successive motion under § 2255).

3

2). Further, *Johnson* was made retroactive on collateral review by *Welch v. U.S.*, 578 U.S. 120 (2016). (Doc. 1, pg. 4); (8th Cir. Case No. 16-2400, Entry 4403562, pg. 2). Since the residual clause in § 3559(c)(2)(F)(ii) was "substantially similar" to that in § 924(e)(2)(B)(ii), Petitioner argued that he had a reasonable claim to retroactive relief under *Johnson*.

On June 15, 2016, the Petition was held in abeyance until the Eighth Circuit "issue[d] a published decision in which the issue Johnson v. United States applie[d] to the career offender provisions of the Federal Sentencing Guidelines [wa]s resolved." (8th Cir. Case No. 16-2400, Entry 4412291). On April 24, 2017, to address *Beckles v. U.S.*, which held the Sentencing Guidelines are not subject to void for vagueness challenges under the Fifth Amendment, Petitioner supplemented his Petition. *See* 137 S. Ct. 886, 892-93 (2017); (8th Cir. Case No. 16-2400, Entries 4521609, 4528004). The Eighth Circuit denied the Petition on August 31, 2018. (Doc. 1, pg. 4); (8th Cir. Case No. 16-2400, Entry 4700649).

On November 8, 2019, Petitioner filed a *pro se* Second Petition for Permission to Bring a Successive § 2255 Motion in the Eighth Circuit. (Doc. 1, pg. 4); *Knutson v. USA*, No. 19-3423, Entry 4850741 (8th Cir. filed November 8, 2019) ("8th Cir. Case No. 19-3423"). That Second Petition was based on a new rule of law, namely, that the residual clause for the term "crime of violence" in 18 U.S.C. § 924(c)(3)(B), was held to be unconstitutionally vague by the Supreme Court in *U.S. v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 1, pg. 4); (8th Cir. Case No. 19-3423, Entry 4850741, pg. 5). On January 16, 2020, the Eighth Circuit denied Petitioner's Second Petition for Permission to Bring a Successive § 2255 Motion. (Doc. 1, pg. 4); (8th Cir. Case No. 19-3423, Entry 4872060, pg. 2).

Now, Petitioner's *pro se* Petition seeks habeas corpus relief under § 2241 on two grounds. (Doc. 1, pgs. 3, 5). First, Petitioner asserts a violation of his "[c]onstitutional right to fair sentencing." (Doc. 1, pg. 3). He claims, after receiving false testimony, the District Court refused to obtain a doctor to prove that Petitioner did not have a handicap like "the Perp in the video." (Doc. 1, pg. 3). Petitioner also claims the District Court ignored his objections on this issue at the trial and sentencing. (Doc. 1, pg. 5). Further, Petitioner argues the Assistance United States Attorney ("AUSA") lied about his prior crimes to "insure [*sic*] the sentence he pushed." (Doc. 1, pg. 5). Absent such lies, Petitioner states the Government could not enhance his sentence. (Doc. 1, pg. 5). Second, with new statutes and definitions of "violent crimes and enhancements," Petitioner seeks relief from the two life sentences he received "under the 3 strike clause" of § 3559. (Doc. 1, pgs. 3-5). Petitioner references State of Iowa statutes for the proposition that "none of [his] priors meet the requirements for violent crimes to be used to enhance sentence." (Doc. 1, pg. 5).

**Analysis**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts governs this preliminary review. That rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

Generally, a federal prisoner must collaterally attack his or her conviction or sentence under § 2255. *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) (quoting *Chazen*

*v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019)). As a matter of fact, in most cases, § 2255 is the exclusive postconviction remedy for a federal prisoner. *Id*. (quoting *Purkey v. U.S.*, 964 F.3d 603, 611 (7th Cir. 2020)). However, if § 2255 is an ineffective or inadequate means for testing the legality of a prisoner's detention, then relief may be granted under § 2241. *Id*. (quoting 28 U.S.C. § 2255(e), which is § 2255's savings clause); *accord Santiago v. Streeval*, 36 F. 4th 700, 705-06 (7th Cir. 2022). This is because, under § 2255(h), second or successive motions are limited to claims of newly discovered evidence, sufficient to establish innocence, and new and retroactive rules of *constitutional* law. *Mangine*, 39 F.4th at 447 (citing 28 U.S.C. § 2255(h)). New and retroactive rules of *statutory interpretation* are outside the bounds of § 2255(h), rendering § 2241 potentially applicable through the savings clause contained in § 2255(e). *Id*. (quoting *Purkey*, 964 F.3d at 611).

A well-established three-part test determines whether a federal prisoner may proceed with his or her statutory interpretation claim under the § 2255(e) savings clause. *Id*. The Court assesses the following: (1) whether the petitioner's claim relies on a case of statutory interpretation, rather than a case of constitutional principles, so it could not be brought in a second or successive § 2255 motion; (2) whether the petitioner could have invoked the case of statutory interpretation, which must apply retroactively, in his or her first § 2255 motion; and (3) whether the error is so grave that it constitutes a miscarriage of justice. *Id*. (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *accord*

36 F.4th at 706; *Franklin v. Keyes*, 30 F.4th 637, 637 (7th Cir. 2022); *Gamboa v. Daniels*, 26 F.4th 410, 416 (7th Cir. 2022); *Brown v. Krueger*, 25 F. 4th 526, 528 (7th Cir. 2022).[3]

Here, Petitioner's first ground for relief does not satisfy the above-stated requirements for proceeding under the savings clause contained in § 2255(e). In particular, Petitioner's first ground for relief does not rely on a case of statutory interpretation, such that it may not be brought in a second or successive § 2255 motion. As Petitioner himself admits, the first ground for relief—based on the alleged false testimony and the refusal to obtain a doctor at the trial, the ignored objections at the trial and sentencing, and the alleged lies of the AUSA—relates to constitutional principles. (Doc. 1, pgs. 3, 5). For these reasons, the Court **FINDS** the first ground for relief, as presented by Petitioner, is within the ambit of § 2255(h) and not § 2241. (Doc. 1, pgs. 3, 5).

Petitioner's second ground for relief, which is based on "[c]hanges in definition of violent statues [*sic*]," is not so easily resolved. (Doc. 1, pgs. 3, 5). The Court recognizes that Petitioner, when describing that second ground for relief, does not specifically cite a case of statutory interpretation. (Doc. 1, pgs. 3, 5). However, Petitioner states he is seeking relief from the two life sentences he received "under the 3 strike clause" of § 3559 because of new statutes and definitions of "violent crimes and enhancements." (Doc. 1, pgs. 3-5). When arguing that "none of [his] priors meet the requirements for violent crimes to be used to enhance sentence," Petitioner describes his prior crimes and asks that the Court

---

[3]Notably, the above-described three-part test "is not without controversy." *Mangine*, 39 F.4th at 447. It involves "difficult choice of law question[s]." *Id*. As the Seventh Circuit has recently acknowledged, "the Supreme Court has agreed to hear a case…to resolve a circuit split on the availability of § 2255(e) savings clause relief for statutory interpretation claims." *Id*. (citing *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, No. 21-857, --- U.S. ----, 142 S. Ct. 2706, 212 L.Ed.2d 777 (U.S. May 16, 2022).

7

consider the State of Iowa's statute for first and second-degree robbery. (Doc. 1, pgs. 3, 5). Since the Supreme Court's decision in *Mathis v. U.S.*, 579 U.S. 500 (2016), which is a statutory interpretation case that was decided after Petitioner filed his initial § 2255 Motion on January 3, 2011, the body of law that potentially governs this case is complex, evolving, and in some ways unsettled. As such, the Court cannot conclude that it "plainly appears," on the limited record available at this preliminary stage, "[P]etitioner is not entitled to relief." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle*, 545 U.S. at 663; *see also Wadlington v. Werlich*, No. 17-449, 2017 WL 3055039, *3 (S.D. Ill. July 17, 2017) ("Given the limited record before the Court at this stage, and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief."). Accordingly, the Court **CONCLUDES**, before a merits assessment of the requirements for proceeding under the savings clause stated in § 2255(e), it is prudent for the Court to order an answer or other pleading from Respondent on the Petition's second ground for relief. (Doc. 1, pgs. 3, 5).

## Conclusion

For the foregoing reasons, the Court **FINDS** the second ground for relief alleged in the Petition survives preliminary review under Rule 4. Respondent is **ORDERED** to file an answer or other pleading within 30 days of the date of this order, *i.e.*, on or before **November 17, 2022**. Petitioner shall then have 30 days, *i.e.*, until **December 19, 2022**, to file a Reply. This Memorandum & Order does not preclude the Government from raising any objection or defense that it wishes to present. Service upon the United States Attorney for the Southern District of Illinois shall constitute sufficient service of process. Petitioner

is **ADVISED** of his continuing obligation to keep the Clerk and the opposing party apprised of any changes in his whereabouts during this case. Petitioner shall notify the Clerk and the opposing party of a transfer or change of address, in writing, within 7 days. The failure to do so may result in a dismissal of the case. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: October 18, 2022

_____
DAVID W. DUGAN
United States District Judge