IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ROWAN KNUTSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-1599-DWD |
| | ) |
| E. WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On July 20, 2022, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Doc. 1). On August 16, 2022, the Court granted Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Docs. 2 & 4). The Court completed its preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts on October 18, 2022.[1] (Doc. 5). Respondent was ordered to file a Response to the Petition by November 17, 2022. (Doc. 5). Petitioner was given until December 19, 2022, to file a Reply. (Doc. 5). The Court subsequently extended those deadlines to January 17, 2023, and February 16, 2023, respectively. (Doc. 10).

Now, Petitioner has filed a Motion for the Appointment of Counsel ("Motion") (Doc. 12). In support of that Motion, Petitioner states: (1) he has "little to no access to the

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the United States District Courts could be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

law library or help" due to staff shortages and/or lockdowns from COVID-19; (2) he is "a simple layman, unlearned in the law, and does not have the knowledge or resources to prepare a brief/reply" for the Court; (3) he "need[s] legal counsel to help preserve…[his] rights and properly file a reply"; and (4) his "freedom very much depends on this matter being done correctly." (Doc. 12, pg. 1). Petitioner has requested *pro bono* assistance from various law firms but has not received any responses. (Doc. 12, pgs. 1, 3).

While the Court is sympathetic to these circumstances, the Court notes there is no constitutional right to counsel during collateral review, *i.e.*, during a review of a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *accord Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). Instead, under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must appoint legal counsel only if it finds an evidentiary hearing is warranted and the petitioner qualifies for appointed counsel under 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. At this stage in the case, which is in the middle of briefing legal issues, an evidentiary hearing is not warranted under Rule 8(c).

Further, the Court declines to otherwise exercise its discretion to appoint counsel at this stage in the case. *See* 28 U.S.C. § 2254(h); *see also* 18 U.S.C. § 3006A(2). The following five factors are considered when ruling on a request to appoint counsel: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present

2

the case; and (5) the complexity of the legal issues raised by the complaint. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)). At this juncture, Petitioner's claim is colorable to the extent that is survived a Rule 4 preliminary review. *See id.*; (Doc. 5). However, it does not appear that Petitioner or the Government will have many "crucial facts" to investigate, as the "crucial facts" related to Petitioner's claim may merely be obtained from the record in the Southern District of Iowa. *See Wilson*, 716 F.2d at 418. The Government has already indicated that it is in the process of obtaining relevant portions of that record. (Doc. 10). Further, in its response, the Government is required to, *inter alia*, attach "parts of the transcript[s] that…[it] considers relevant." *See* Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may also order the furnishing of other parts of existing transcripts *See id*. For these same reasons, the nature of the relevant evidence is not such that the truth will more likely be exposed if both sides are represented by counsel. *See Wilson*, 716 F.2d at 418. Finally, the two remaining factors, namely, the capability of Petitioner to present the case and the complexity of the legal issues presented by the Petition, are best considered after the Government obtains the aforementioned "crucial facts" and evidence, then files its Response to the Petition.

Therefore, at this stage in the case, Petitioner's Motion is **DENIED without prejudice**.

**SO ORDERED.**
Dated: November 21, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DAVID W. DUGAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge