IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL ROWAN KNUTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-1599-DWD |
| | ) | |
| E. WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Respondent's Motion to Dismiss (Doc. 18) ("Motion") the Petition for a Writ of Habeas Corpus (Doc. 1) ("Petition") in light of *Jones v. Hendrix*, 599 U.S. 465 (2023).[1] Petitioner filed a Response in Opposition to the Motion (Doc. 21). As stated below, the Motion is **GRANTED** and the Petition is **DISMISSED with prejudice**.

On June 25, 2008, a superseding indictment was returned against Petitioner in the Southern District of Iowa. (Doc. 1, pg. 2); *U.S. v. Knutson et al.*, No. 07-cr-228, Sealed Doc. 95 (S.D. Iowa Sept. 25, 2007) ("S.D. Iowa Case No. 07-cr-228"). Counts I and III charged Petitioner with bank robbery under 18 U.S.C. § 2113(a) and (d), while Counts II and IV charged Petitioner with carrying a firearm during a violent crime under 18 U.S.C. § 924(c)(1)(A)(i) and (ii). (Doc. 1, pg. 2); (S.D. Iowa Case No. 07-cr-228, Doc. 96). On

---

[1]The Motion indicates Thomas Lillard replaced Eric Williams as the Warden of FCI Greenville. "[W]hen the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). Accordingly, the Court *sua sponte* **SUBSTITUTES** Thomas Lillard for Eric Williams as the Respondent in this case.

August 28, 2008, a jury found Petitioner guilty on Counts I and II, *i.e.*, on one charge of bank robbery and one charge of carrying a firearm during a violent crime. (Doc. 1, pg. 2); (S. D. Iowa Case No. 07-cr-228, Doc. 235, pgs. 1-2). Petitioner had three prior convictions for robbery in the State of Iowa, namely, a prior conviction for first-degree robbery and two prior convictions for second-degree robbery. (S.D. Iowa Case No. 07-cr-228, Doc. 265, pgs. 1-2). On March 16, 2009, the District Court sentenced Petitioner to two consecutive terms of life imprisonment. (Doc. 1, pg. 2); (S.D. Iowa Case No. 07-cr-228, Docs. 266, 268).

On March 24, 2009, Petitioner appealed. (Doc. 1, pg. 2); (S.D. Iowa Case No. 07-cr-228, Docs. 271, 272). He claimed error in the admission of evidence of uncharged crimes, the jury instructions, the failure to acquit on count II, and the failure to "strike three strikes notice and superseding indictment." (Doc. 1, pg. 2); *U.S. v. Knutson*, 605 F.3d 492, 496 (8th Cir. 2010). The Eighth Circuit affirmed. (Doc. 1, pg. 2); *Knutson*, 605 F.3d at 496.

On January 3, 2011, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the Southern District of Iowa, alleging ineffective assistance of counsel. (Doc. 1, pg. 2); *Knutson v. U.S.*, No. 11-cv-2, Docs. 1-2 (S.D. Iowa Jan. 3, 2011) ("S.D. Iowa Case No. 11-cv-2"). On February 25, 2014, the District Court denied the Motion, dismissed the case, and denied a Certificate of Appealability. (Doc. 1, pg. 2); (S.D. Iowa Case No. 11-cv-2, Doc. 30, pg. 4). On July 29, 2014, the Eighth Circuit also denied a Certificate of Appealability. (Doc. 1, pg. 2); (S.D. Iowa Case No. 11-cv-2, Doc. 37, pg. 1); *Knutson v. U.S.*, No. 14-1723, Entry 4180438 (8th Cir. March 27, 2014).

On May 26, 2016, Petitioner filed a Petition for Permission to Bring a Successive § 2255 Motion in the Eighth Circuit. (Doc. 1, pg. 4); *Knutson v. U.S.*, No. 16-2400, Entry

2

4403562 (8th Cir. filed May 26, 2016) ("8th Cir. Case No. 16-2400"). Due to his three prior robbery convictions, which were arguably "serious violent felon[ies]" in the form of "State offense[s]…consisting of robbery…or attempt, conspiracy, or solicitation to commit [robbery]" under 18 U.S.C. § 3559(c)(2)(F)(ii), Petitioner noted he was sentenced to two consecutive terms of life imprisonment under the "three strike" provisions of the statute. (S.D. Iowa Case No. 07-cr-228, Doc. 265, pgs. 1-2); (8th Cir. Case No. 16-2400, Entry 4403562, pg. 1). However, Petitioner argued, in *Johnson v. U.S.*, 576 U.S. 591 (2015), the Supreme Court "struck down" the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. (Doc. 1, pg. 4); (8th Cir. Case No. 16-2400, Entry 4403562, pg. 2). Since the residual clause in § 3559(c)(2)(F)(ii) is "substantially similar," Petitioner argued he could claim retroactive relief under *Johnson*.

On June 15, 2016, the Petition was held in abeyance until the Eighth Circuit "issue[d] a published decision in which the issue Johnson…applie[d] to the career offender provisions of the Federal Sentencing Guidelines [wa]s resolved." (8th Cir. Case No. 16-2400, Entry 4412291). On April 24, 2017, to address *Beckles v. U.S.*, which held the Sentencing Guidelines are not subject to void for vagueness challenges under the Fifth Amendment, Petitioner supplemented his Petition. *See* 137 S. Ct. 886, 892-93 (2017); (8th Cir. Case No. 16-2400, Entries 4521609, 4528004). The Eighth Circuit denied the Petition on August 31, 2018. (Doc. 1, pg. 4); (8th Cir. Case No. 16-2400, Entry 4700649).

On November 8, 2019, Petitioner filed a *pro se* Second Petition for Permission to Bring a Successive § 2255 Motion in the Eighth Circuit. (Doc. 1, pg. 4); *Knutson v. U.S.*, No. 19-3423, Entry 4850741 (8th Cir. filed Nov. 8, 2019) ("8th Cir. Case No. 19-3423"). The

Second Petition was based on a new rule of law, namely, that the residual clause for the term "crime of violence" in 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *See U.S. v. Davis*, 139 S. Ct. 2319 (2019); (Doc. 1, pg. 4); (8th Cir. Case No. 19-3423, Entry 4850741, pg. 5). On January 16, 2020, the Eighth Circuit denied Petitioner's Second Petition. (Doc. 1, pg. 4); (8th Cir. Case No. 19-3423, Entry 4872060, pg. 2).

Petitioner filed the instant Petition under 28 U.S.C. § 2241 on July 20, 2022. (Doc. 1). He asserted two grounds for relief. (Doc. 1, pgs. 3, 5). First, Petitioner asserted a violation of his "[c]onstitutional right to fair sentencing." (Doc. 1, pg. 3). He claimed, after receiving false testimony, the District Court refused to obtain a doctor to prove that Petitioner did not have a handicap like "the Perp in the video." (Doc. 1, pg. 3). Petitioner claimed the District Court ignored his objections on this issue at the trial and sentencing. (Doc. 1, pg. 5). Further, Petitioner argued the AUSA lied about his prior crimes to "insure [*sic*] the sentence he pushed." (Doc. 1, pg. 5). Absent such lies, Petitioner stated the Government could not enhance his sentence. (Doc. 1, pg. 5). Second, with new statutes and definitions of "violent crimes and enhancements," Petitioner requested relief from the two life sentences he received "under the 3 strike clause" of § 3559. (Doc. 1, pgs. 3-5). Petitioner referenced state statutes for the proposition that "none of [his] priors meet the requirements for violent crimes to be used to enhance sentence." (Doc. 1, pg. 5).

On October 18, 2022, the Court found the second ground for relief, which appeared to rely on changes in statutory interpretation, survived a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 5). Service of process was ordered on Respondent. (Doc. 5). Respondent was also ordered to

file an answer or other responsive pleading. (Doc. 5). However, on November 23, 2022, Respondent filed a Motion to Stay (Doc. 14) pending a resolution of *Jones*. Petitioner indicated in a Response (Doc. 16) that he did not object to the requested stay. As such, on December 12, 2022, the Court stayed the case pending a decision in *Jones*.

*Jones* was decided on June 22, 2023. On July 18, 2023, Respondent motioned to dismiss this case pursuant to that authority. Respondent argues Petitioner brings the type of claim that was allowed in the Seventh Circuit prior to *Jones*, namely, a claim based on purported changes in statutory interpretation since the time of sentencing, but that are now prohibited by Supreme Court authority. (Doc. 18, pgs. 3-4).

Petitioner filed a Response to the Motion (Doc. 21) on August 2, 2023. Petitioner again argues his sentence could not be enhanced based on state offenses that do not constitute crimes of violence. In doing so, Petitioner invokes *U.S. v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery was not a crime of violence under 18 U.S.C. § 924(c)(3)(A), and other cases that he believes stand for the proposition that certain offenses are not violent crimes that can enhance a sentence. (Doc. 21, pg. 2). Petitioner concludes that the AUSA should "believe in the Supreme Court and the lower courts that conspiracy is not a crime of violence." (Doc. 21, pg. 4). Petitioner requests for his "3-strike conviction" to be removed and for the AUSA to use his discretion to resentence Petitioner under the "bank robbery category IV" guidelines. (Doc. 21, pg. 4).

Now, an application for a writ of habeas corpus under § 2241, on behalf of a prisoner who is authorized to apply for relief under § 2255, "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). Further, a second or successive motion must be certified, as provided under 28 U.S.C. § 2244, by a panel of the appropriate Court of Appeals to contain (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law that is made retroactive to cases on collateral review by the Supreme Court and was previously unavailable. *See id*. § 2255(h).

By its terms, § 2255(h) bars a prisoner from filing a second or successive motion under § 2255 "based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *See id*.; *Jones*, 599 U.S. at 469-70. In *Jones*, the Supreme Court held this limitation in § 2255(h) does not render § 2255 inadequate or ineffective, "such that the prisoner may proceed with his statutory claim under § 2241." *See id*. at 470. The Supreme Court expressly held § 2255(e) did not permit "workaround[s]" or "end-run[s]" to § 2255(h), whereby "§ 2255 was 'inadequate and ineffective' under…[§ 2255(e)]—and…§ 2241 was therefore available— when [§ 2255(h)'s] second-or-successive restrictions barred…relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *See id*. at 477. In doing so, the Supreme Court expressly abrogated *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and other cases that developed such "workaround[s]" or "end-run[s]" to § 2255(h). *See id*. Based on the text of § 2255(h), the Supreme Court stated: "The inability

of a prisoner with a statutory claim to satisfy…[§ 2255(h)] does not mean that he can bring his claim in a habeas petition under the [§ 2255(e)] saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *See id*. at 480.

Here, Petitioner, who already unsuccessfully filed a motion under § 2255 in the sentencing court and two motions requesting permission from the Eighth Circuit to file a second or successive motion under § 2255(h), invokes statutory interpretation cases to collaterally attack his sentence under § 2241. However, the path for doing so, through the analysis articulated in *Davenport*, was firmly rejected by the Supreme Court in *Jones*. *See Hogsett v. Lillard*, 72 F. 4th 819, 821 (7th Cir. 2023) (noting the abrogation of *Davenport* by *Jones* and stating, "the saving clause [contained in § 2255(e)] is designed to 'cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court' in a § 2255 motion"). Therefore, the Motion is **GRANTED** and the Petition is **DISMISSED with prejudice**. All other pending motions are **DENIED**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Dated: October 4, 2023

s/ *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge